UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GRADY J. CAREATHERS, | ) | |
| | ) | Case No. 1:22-cv-146 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| OFFICER BOOTH and | ) | |
| OFFICER CARSON, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1).

It appears from the motion for leave to proceed *in forma pauperis* and supporting documents (Doc. 6) that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) is **GRANTED**.

Because Plaintiff is an inmate in the Hamilton County Detention Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent of Plaintiff's preceding monthly income

(or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Hamilton County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is also **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Booth and Carson. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty days of receipt of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective. Plaintiff is forewarned that if he fails to timely return the completed service packets, this action will be dismissed.

Defendants shall answer or otherwise respond to the complaint within twenty-one days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action

diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**