UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GRADY J. CAREATHERS, ) | |
| ) | Case No. 1:22-cv-146 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| OFFICER BOOTH and ) | |
| OFFICER CARSON, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**MEMORANDUM OPINION**

This pro se prisoner's complaint under 42 U.S.C. § 1983 is before the Court for consideration of dismissal. On August 2, 2022, the Court entered an Order providing that Plaintiff had twenty days from the date of entry of the Order to return service packets for Defendants. (Doc. 7, at 2.) The Court also warned Plaintiff that, if he failed to timely comply with the Order, the Court would dismiss this action. (*Id.*) The deadline has passed, and Plaintiff has not complied with the Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of

dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, the Court finds that Plaintiff's failure to timely comply with the Court's Order is due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff may not have received the Order because he failed to update his address as required by this Court's local rules.[1] *See* E.D. Tenn. L.R. 83.13. Second, Plaintiff's failure to comply with the Order has not prejudiced Defendants, as they have not yet been served. Third, the Court expressly warned Plaintiff that failure to timely return the service packets would result in the dismissal of this action (Doc. 7), and the Court previously advised Plaintiff that failure to keep the Court apprised of his address could result in the dismissal of this action. (*See* Docs. 3, 5.) Finally, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

---

[1] Plaintiff is no longer in the custody of Hamilton County according to the online inmate database of the Hamilton County Sheriff's Office. *See* Hamilton County Sheriff's Office, *Inmate Info Online*, http://www.hcsheriff.gov/cor/iio (last visited August 25, 2022).

Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order (Doc. 7), and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**